UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05171-SVW-JC | Date | October 11, 2022 |
|---|---|---|---|
| Title | *Sandy Torrez v. Infinity Insurance Company et. al.* | | |

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS [14]

## I. Introduction

Before the Court is Defendant Infinity Insurance Company ("Infinity")'s motion to dismiss Plaintiff Sandy Torrez's complaint. For the forthcoming reasons, the Court GRANTS Infinity's motion.

## II. Factual and Procedural Background

Plaintiff Sandy Torrez, an Infinity Insurance policyholder, originally brought this putative class action against defendants Infinity Insurance Company and Kemper Corporation. Torrez alleged that the defendant insurance companies obtained an unfair windfall from automobile insurance premiums during the COVID-19 pandemic, when policyholders dramatically reduced their amount of driving as a result of stay-at-home orders. Compl. ¶¶ 1-5. On September 12, 2022, the parties stipulated to dismiss defendant Kemper Corporation, the holding company that owns Infinity. ECF No. 25. Torrez now proceeds solely against Infinity. We heard oral arguments regarding the motion on October 3, 2022 and took Infinity's motion to dismiss under submission.

Torrez purchased her automobile insurance policy with Infinity in the fall of 2019. The policy was to end in June 2020. Compl. ¶ 29. In March 2020, California enacted a number of stay-at-home orders in response to the pandemic, ordering people to refrain from leaving their homes except for necessary activities, which naturally resulted in far fewer drivers on the road, though Torrez does not plead any facts about her own driving habits before and during the pandemic. *Id.* ¶ 31.

: 

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05171-SVW-JC | Date | October 11, 2022 |
|---|---|---|---|
| Title | *Sandy Torrez v. Infinity Insurance Company et. al.* | | |

In a March 2020 Bulletin, the California Insurance Commissioner granted "each insurer reasonable flexibility in determining how best to quickly and fairly accomplish the refund of premium to policyholders," providing that "Insurers may comply with the premium refund order by providing a premium credit, reduction, return of premium, or other appropriate premium adjustment. In responding to this Order, insurers may take the following actions without obtaining prior approval of rates or rules by the Department of Insurance if done consistent with the insurer's existing rating plan."[1]

Thus, in essence, California ordered a solution to a problem the state's restrictive lockdown policies themselves caused. Infinity accordingly offered a premium rebate of 15% for the first two months of the pandemic and a rebate of 5% in June 2020 after the California Department of Insurance directed insurance companies to provide a rebate to consumers or to take other action to appropriately compensate consumers for driving fewer miles during the pandemic. Mot. to Dismiss ("MTD"), at 4. Torrez contends that these rebates were insufficient, and that the pandemic gave Infinity an improper windfall at the expense of consumers holding insurance policies with Infinity.

Torrez brings this suit on behalf of a proposed class pursuant to the Class Action Fairness Act, defining the class as "All California residents who purchased personal automobile insurance from Defendants covering any portion of the time period from March 1, 2020 to the present." Compl. ¶ 37-38. Torrez and the proposed class make the following claims against Infinity: (1) violations of California Unfair Competition Law ("UCL"); and (2) unjust enrichment/quasi-contract. *Id.* ¶¶48-64.

Infinity raises the following arguments in its motion to dismiss: first, that the filed-rate doctrine may apply, but that the California Department of Insurance ("DOI")'s prior approval system dictates that Torrez's complaint be dismissed; second, resultantly, Torrez cannot state a claim under the UCL because it fails under the *Cel-Tech* test; and third, that even if Torrez had a valid UCL claim, this Court should abstain from hearing it. For the forthcoming reasons, the Court agrees.

## III. Legal Standard

---

[1] Bulletin 2020-3, Cal. Dept. of Ins., Premium Refunds, Credits, and Reductions in Response to COVID-19 Pandemic. We may take judicial notice of the existence of this document because it is in the public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) ("[U]nder Fed.R.Evid. 201, a court may take judicial notice of "matters of public record."). We do not take judicial notice of any disputed factual contents of the document.

:

Initials of Preparer PMC

CIVIL MINUTES - GENERAL Page 2 of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05171-SVW-JC | Date | October 11, 2022 |
|---|---|---|---|
| Title | *Sandy Torrez v. Infinity Insurance Company et. al.* | | |

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## IV. Application

### A. Count 1: Violations of the California Unfair Competition Law

#### 1. The Insurance Commissioner Did Not Have the Authority Under Proposition 103 to Order the Automobile Insurance Rebates

As Infinity argues in its brief, Infinity charged the rate it obtained prior approval for by the Insurance Commissioner. Under the Insurance Code, "every insurer which desires to change any rate" must file a "rate application with the commissioner" at which point the Commissioner may (a) take no action, (b) approve the proposed rate without a hearing, or (c) order a hearing and either approve or disapprove the proposed rate. *See* Cal. Ins. Code § 1861.05. The insurer's rate "must be approved by the commissioner prior to [its] use." Cal. Ins. Code § 1861.05(c). The "'prior approval' system concerns rates for the future, [so] its orientation is necessarily prospective." *20th Century Ins. Co. v. Garamendi*, 8 Cal. 4th 216, 252 (1994). One of the considerations for achieving such prospective relief includes looking to the number of miles the insured drives annually. *See* Cal. Ins. Code section 1861.02(a); 10

: 
Initials of Preparer PMC

CIVIL MINUTES - GENERAL Page 3 of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05171-SVW-JC | Date | October 11, 2022 |
|---|---|---|---|
| Title | *Sandy Torrez v. Infinity Insurance Company et. al.* | | |

CCR section 26325(c)(2).

Indeed, "Insurers are statutorily prohibited from charging a rate which has not been preapproved by the DOI. An approved rate has the imprimatur of the DOI; it has been approved as compliant with the law, to the best of the DOI's determination. If that rate is subsequently determined to have been illegal, the insurer may no longer charge the rate, but that cannot retroactively invalidate the DOI's prior approval." *MacKay v. Superior Ct.*, 188 Cal. App. 4th 1427, 1436 n. 6 (2010).

As a California appellate court held in *State Farm General Insurance Co. v. Lara*, under the prior approval system, the Commissioner has only the power to order prospective, not retroactive, relief. *State Farm Ins. Co. v. Lara*, 71 Cal. App. 5th 148 (2021). There, the Insurance Commissioner found that an insurance company had incorrectly calculated its housing insurance rate and ordered that it provide a retroactive re-calculation of the rate and a rebate to consumers who paid the unfairly-calculated premium. *Id.* at 188. In holding that this administrative order was an improper form of retroactive relief, the court clarified: "In deciding whether the application of a law is prospective or retroactive, we look to function, not form. . . . Does the law 'change[ ] the legal consequences of past conduct by imposing new or different liabilities based upon such conduct?' [Citation.] Does it 'substantially affect [ ] existing rights and obligations?' [Citation.] If so, then application to a trial of preenactment conduct is forbidden, absent an express legislative intent to permit such retroactive application. If not, then application to a trial of preenactment conduct is permitted, because the application is prospective." *Id.* at 189.

In the March 2020 Bulletin, Insurance Commissioner Lara granted "each insurer reasonable flexibility in determining how best to quickly and fairly accomplish the refund of premium to policyholders," providing that "Insurers may comply with the premium refund order by providing a premium credit, reduction, return of premium, or other appropriate premium adjustment. In responding to this Order, insurers may take the following actions without obtaining prior approval of rates or rules by the Department of Insurance if done consistent with the insurer's existing rating plan."[2] But, as in *Lara*, this order is inconsistent with the plain language of Proposition 103, which describes the prior approval system, because it alleviates insurance companies of the responsibility to petition the Insurance Commissioner before changing a preapproved rate.

---

[2] Bulletin 2020-3, Cal. Dept. of Ins., Premium Refunds, Credits, and Reductions in Response to COVID-19 Pandemic.

:

Initials of Preparer PMC

CIVIL MINUTES - GENERAL Page 4 of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-05171-SVW-JC | Date | October 11, 2022 |
|---|---|---|---|
| Title | *Sandy Torrez v. Infinity Insurance Company et. al.* | | |

And, as in *Lara*, the Bulletin provided for a premium refund which, as the *Lara* court concluded, is not a form of prospective relief. It altered the legal consequences of charging a rate set before the COVID-19 lockdowns began, ordering companies to remit some of the premiums lawfully charged when the policy began pre-pandemic. The Court is not aware of any express *legislative* intent to permit such an action; the COVID-19-related lockdowns and Bulletin were both executive actions.

Therefore, anything Torrez received as a rebate from the Insurance Commissioner was, in effect, a gratuity. So as a matter of law, because Infinity was not statutorily required to give the rebate, the rebate cannot be "unfair" under either test proffered by Infinity to determine whether the California UCL has been violated.

Rather, as Infinity describes at length, this allocation of risk is simply how insurance works. During some policy periods, some policyholders will have no need for indemnification, allowing the insurance company to pocket the entire premium without providing any service to the insured. In other years, the policyholder may suffer, for example, death, famine, war or—as here—pestilence, triggering the insurance company's duty to indemnify and therefore pay out the promised premium rather than retain a "windfall." Were consumers able to demand a retroactive rebate every time an insurance company's duty to indemnify was not triggered, the inherent risk-sharing nature of insurance, and the prior approval regime, would become a nullity.

**2. Even if the Insurance Commissioner Did Have Authority to Order the Rebates, the Court Declines to Decide the Instant Case**

The parties have not pointed to any part of the Insurance Code empowering the Insurance Commissioner to create an exception to the prior approval system. Nor is the Court aware of any. But the Court believes that, even if the Commissioner did have such a power, and Torrez did state a claim under the UCL, that the Court should abstain from hearing the case.

Preliminarily, the Court agrees that this case does not fall under the *exclusive* purview of the Insurance Commissioner. We agree with the analyses articulated in *Day*, *Rejoice!*, and *Boobuli's* as to the propriety of the federal court's jurisdiction. *See* 2022 WL 179687, at *3-5; 2021 WL 5879118, at *3-7; 562 F. Supp. 3d at 477-484 ("In sum, State Farm's exclusive jurisdiction argument fails because [plaintiff] is not seeking to challenge the rate itself, but the misapplication of the rate in light of changed

:

Initials of Preparer PMC

CIVIL MINUTES - GENERAL Page 5 of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05171-SVW-JC | Date | October 11, 2022 |
|---|---|---|---|
| Title | *Sandy Torrez v. Infinity Insurance Company et. al.* | | |

circumstances given the COVID-19 pandemic.").

Torrez seems to be asking the Court to determine whether a rebate rate of 15% and 20% was insufficient to ensure that Infinity did not obtain a windfall during the lockdown.[3] Torrez is suing under the UCL, which provides for an equitable remedy, and asks more specifically for, among other relief, an injunction. Thus, as Infinity points out, we have the discretion to abstain.

"It is well established that a court of equity will abstain from employing the remedies available under the unfair competition law in appropriate cases . . . where [a UCL] action would drag a court of equity into an area of complex economic . . . policy, equitable abstention is appropriate." *Willard v. AT&T Comms. Of Cal.*, 204 Cal. App. 4th 53, 60-61 (2012) (citations omitted and cleaned up). The question of the fairness of Infinity's rebate, and how to police that fairness in the future, is better suited to the Insurance Department's technical expertise in calculating risk and other figures necessary to ascertain whether or not the rebate offered by Infinity sufficiently accorded with the 2020 Bulletin.

The pleadings alone show that Torrez is asking the Court to engage in a technical inquiry: how fair Infinity's risk calculation was in determining its premium rebate and ensuring that Infinity does not obtain an improper windfall in the future.

But we additionally note that, though we do not rely on this fact as a basis for our holding, the public record shows that the Insurance Commissioner has already acted in this area. In October 2021, Commissioner Lara wrote to several insurance companies advising them that their pandemic-related auto insurance rebates were insufficient to comply with his previous Bulletin and ordering them to provide documentation to the Insurance Department justifying their actions.[4] We take judicial notice of the existence of this public document. Its existence shows that the Department of Insurance is better equipped than the Court to ascertain whether insurer's actions in response to pandemic lockdowns were fair.

---

[3] Though irrelevant to our disposition of the present motion to dismiss, the Court notes that it found Torrez's prayer for relief to be unclear, namely, the nature of the legal damages and injunction sought.
[4] Press Release, California Department of Insurance, Commissioner Lara Orders Allstate, Mercury, and CSAA to "Close the Gap" on Auto Insurance Refunds Owed to Drivers who Drove Less During the Pandemic (Oct. 6, 2021), http://www.insurance.ca.gov/0400-news/0100-press-releases/2021/release099-2021.cfm.

:

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05171-SVW-JC | Date | October 11, 2022 |
|---|---|---|---|
| Title | *Sandy Torrez v. Infinity Insurance Company et. al.* | | |

Thus, whether or not the Insurance Commissioner had the authority to order the auto insurance rebate, creating an executive-branch exception to the California Legislature-approved Proposition 103 regime, codified in the Insurance Code, Torrez has failed to state a claim under the California UCL.

**B. Count 2: Unjust Enrichment/Quasi Contract**

Infinity also correctly points out that Torrez cannot plausibly state a claim for unjust enrichment. As Infinity notes, "[u]njust enrichment is synonymous with restitution," *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010), meaning that the "offending party must have obtained something to which it was not entitled and the victim mut have given up something [they] were not entitled to keep." *M&F Fishing, Inc. v. Sea-Pac Ins. Managers, Inc.*, 202 Cal. App. 4th 1509, 1527-28 (2012).

Here, Torrez purchased her insurance policy before the pandemic began and received a policy based on a DOI-approved rate. Infinity therefore did not obtain Torrez's premium through improper means. Nor did Torrez have to give up something she was entitled to keep. She agreed to pay the premium in exchange for the policy, creating a valid contract with Infinity. *Jones v. Geico Cas. Co.*, 2021 WL 3602855, at *7 (D. Ariz. Aug. 13, 2021) ("Here, the FAC does not allege facts giving rise to a plausible unjust enrichment claim. Plaintiff plainly alleges he received insurance coverage in exchange for the payment he made to Geico."). Thus, Torrez has not stated a claim for restitution and unjust enrichment. Count 2 is dismissed.

**V. Conclusion**

For the foregoing reasons, the motion to dismiss both counts of Torrez's complaint is GRANTED.

IT IS SO ORDERED.

_____ : _____

Initials of Preparer PMC

CIVIL MINUTES - GENERAL Page 7 of 7